UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHASE CARMEN HUNTER
        Plaintiff/Petitioner

                                                  CIVIL ACTION
V.                                       NO. 15-30189-MGM

DANIEL R. JUDSON, et al.,
        Defendants/Respondents

MEMORANDUM AND ORDER

MASTROIANNI, D.J.

For the reasons set forth below, the Court (1) allows the plaintiff's motion for leave to proceed in forma pauperis; (2) denies the motion for ex-parte temporary restraining order; (3) denies the motion for access to electronic case filing; and (4) dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

BACKGROUND

On October 28, 2015, plaintiff Chase Carmen Hunter ("Hunter"), a California resident who is proceeding pro se, filed a petition seeking declaratory judgment pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights and elective franchise); 15 U.S.C. § 1681 (fair credit reporting act); and 28 U.S.C. § 1367 (supplemental jurisdiction). The petition names as respondents (1) Daniel R. Judson, the Massachusetts Insurance Commissioner; (2) the Massachusetts Division of Insurance; and (3) the National Association of Insurance Commissioners.[1] With her petition, Hunter filed motions to proceed in forma pauperis and permission for electronic filing. See Docket Nos. 2, 3. On November 20, 2015, Hunter file an ex-parte motion for temporary restraining order. See Docket No. 6.

This action was initially assigned pursuant to the Court's Program for Random Assignment

---

[1] The National Association of Insurance Commissioners is a national organization composed of state officials in charge of regulating insurance companies. United Life & Acc. Ins. Co. v. United States, 329 F. Supp. 765, 766 (D.N.H. 1971).

of Civil Cases to Magistrate Judges.  Upon receipt of Hunter's refusal to consent to proceed before a U.S. Magistrate Judge, the case was reassigned to the undersigned.  See Docket Nos. 7, 8.

Hunter alleges that she is a resident of California and a licensed insurance agent in several states, including Massachusetts.  The sixty-nine page petition seeks declaratory relief and consists primarily of a recounting of events surrounding an alleged far-reaching criminal conspiracy.  As best can be gleaned from the petition, Hunter alleges that a nationwide "criminal insurance fraud scheme," arising from a 2009 ruling by the Orange County Florida Circuit Court, has sought "to steal rental real estate from Hunter to deny Hunter the rental income, to kidnap Hunter, and to force other unlawful expenses upon Hunter to force Hunter to file bankruptcy or force her into foreclosure so that this fraudulent judgment can be partially satisfied."  Petition, ¶ k.  Hunter complains that insurance regulators from West Virginia, Georgia, Maryland, Vermont, Washington, Arkansas and Alabama "have also actively participated in this criminal conspiracy in similar ways."  Id. at p. 67.

As to the three Massachusetts respondents, Hunter alleges that her "mailing service" received a package from the respondents last month.  Id. at ¶ q.  Apparently, Hunter's mailing service scans the mail so that Hunter can view the correspondence on the internet.  Id.  The package from the respondents could not be scanned due to its size.  Id.

During the week of October 12, 2015, Hunter made phone calls and sent faxes to the respondents because she is unable to accept delivery of the materials.  Id. at ¶ r.  Hunter "believes that this package contains documents that show that the Respondents are willing participants in this interstate criminal conspiracy against Hunter as described herein."  Id. at ¶ s.  Hunter seeks to have this court "declare Hunter's rights regarding criminal actions taken against her outside of Massachusetts that the Respondents, residents of Massachusetts, may use to commit additional criminal actions against Hunter."  Id. at ¶ v.  In her prayer for relief, Hunter requests "this Court

take jurisdiction of this case, and that upon reviewing this matter: enter a declaration that the Respondents are enjoined from supporting or perpetuating the criminal conspiracy described above in any way, including, but not limited to, by relying upon it or any fruit of it, to take action against Hunter." Id. at p. 67.

## DISCUSSION

I. Motion for Leave to Proceed In Forma Pauperis

Upon review of the plaintiff's motion for leave to proceed in forma pauperis, the Court concludes that she is without income or assets to prepay the filing fee. Accordingly, the Court allows the motion.

II. Preliminary Screening

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) authorizes federal courts to dismiss a complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). A district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).

Similarly, claims lack an arguable or rational basis in law when they are brought against a defendant who is clearly entitled to immunity, involve the infringement of a legal interest which clearly does not exist, or describe unreal scenarios. See Neitzke, 490 U.S. at 327-328; accord Denton, 504 U.S. at 32 ("clearly baseless" actions may be dismissed); see also Mack v. Massachusetts, 204 F.Supp.2d 163, 166 (D.Mass.2002); Street v. Fair, 918 F.2d 269 (1st Cir. 1990) (§

1915(d) sua sponte dismissals do not require notice to plaintiff with opportunity to respond if the claim is based on an "indisputably meritless legal theory" (such as where defendants are clearly immune)).

The First Circuit has summarized the law on the issue of sua sponte dismissals of complaints:

> 'Sua sponte dismissals are strong medicine, and should be dispensed sparingly.' Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002) (quoting Gonzalez–Gonzalez v. United States, 257 F.3d 31, 33 (1st Cir.2001)) (internal quotation marks omitted). The general rule is that sua sponte dismissals of complaints under Rule 12(b)(6) are 'erroneous unless the parties have been afforded notice and an opportunity to amend the complaint or otherwise respond.' Futura Dev. of P.R., Inc. v. Estado Libre Asociado de P.R., 144 F.3d 7, 14 (1st Cir. 1998). Only where 'it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile' can a sua sponte Rule 12(b)(6) dismissal stand. Chute, 281 F.3d at 319 (quoting Gonzalez–Gonzalez, 257 F.3d at 37) (internal quotation mark omitted). 'The party defending the dismissal must show that "the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption." ' Id. (quoting Gonzalez–Gonzalez, 257 F.3d at 37).

Roberts v. Islam, No. 14-12288-MPK1, 2015 WL 5437087, at *2 (D. Mass. Sept. 15, 2015) (quoting Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 22–23 (1st Cir. 2014)).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels [the Court] to draw on [its] judicial experience and common sense." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (quotation marks and citation omitted).

Although a complaint need not provide an exhaustive factual account, the allegations must

be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. Iqbal, 556 U.S. at 678. Legal conclusions couched as facts and "threadbare recitals of the elements of a cause of action" will not suffice. Iqbal, 556 U.S. at 678; see also Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d 1, 12 (1st Cir. 2011).

In this case, the Court recognizes that Hunter's pro se pleadings must be construed generously. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004); see also Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991) (the court reads pro se complaint with "an extra degree of solicitude"); Strahan v. Coxe, 127 F.3d 155, 158 n. 1 (1st Cir. 1997) (noting obligation to construe pro se pleadings liberally) (citing Haines v. Kerner, 404 U.S. at 520)). However, even under a generous reading, this action is dismissed sua sponte, for the reasons set forth below.

III. Discussion

"In every federal case, the party bringing the suit must establish standing to prosecute the action." Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004). The minimum standing requirement under the Constitution derives from Article III, Section 2, "which limits federal judicial power to 'cases' and 'controversies.' " Natural Res. Def. Council, Inc. v. U.S. Food and Drug Admin., 710 F.3d 71, 79 (2d Cir.2013) (quoting U.S. Const. art. III, § 2); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The Article III standing issue calls into question the court's subject matter jurisdiction and is analyzed under Fed.R.Civ.P. 12(b)(1), United Seniors Ass'n Inc. v. Philip Morris USA, 500 F.3d 19, 23 (1st Cir. 2007).

> To establish that a case or controversy exists so as to confer standing under Article III, a plaintiff must satisfy three elements: (a) the plaintiff must suffer an injury in fact, (b) that injury must be fairly traceable to the challenged action, and (c) the injury must be likely to be redressed by a favorable decision of the federal court.

Natural Res. Def. Council, Inc., 710 F.3d at 79 (quotation marks omitted).

Here, there is no case or controversy at issue: Hunter has not suffered an injury in fact but only the speculative alleged possibility that the respondents may have conspired against her. See id. Here, the allegations are entirely speculative and void of any specificity of facts which, if true, would establish a violation of her rights under the constitution and/or federal law.

To the extent she alleges a civil rights conspiracy, she must allege that a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, with the principal element of an agreement between the parties "to inflict a wrong or injury upon another," and "an overt act that results in damages." Earle v. Benoit, 850 F.2d 836, 844 (1st Cir.1988). For a conspiracy to be actionable under 42 U.S.C. § 1983, the plaintiff must prove that there has been an agreement and an actual deprivation of a right secured by the Constitution and laws. Id.; see also Meuse v. Stults, 421 F. Supp. 2d 358, 363-364 (D. Mass. 2006) (citing Hamilton v. Arnold, 135 F. Supp. 2d 99, 102 (D. Mass. 2001). In order to state a claim of conspiracy, the complaint must set forth facts that suggest a conspiracy rather than set out conclusory allegations that the defendants made an unlawful agreement. See DM Research v. Coll. of Am. Physicians, 170 F.3d 55, 56 (1st Cir.1999) (allegations of conspiracy or agreement are insufficient).

Here, other than conclusory assertions, plaintiff fails to set out sufficient facts that suggest a conspiracy or agreement involving any of the respondents/defendants. The Court finds plaintiff's claims to be factually without merit and wholly frivolous. For these reasons, Hunter's petition is dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

    IV.    Injunctive Relief

To qualify for preliminary injunctive relief, the moving party must show that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary

relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. Voice of The Arab World v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F.Supp. 68, 70 (D.Mass.1993) (extending four part preliminary injunction test to temporary restraining orders). To warrant the more extraordinary relief of a temporary restraining order, plaintiff must demonstrate that her injury of loss is "immediate and irreparable." Fed.R.Civ.P. 65(b). "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002).

As discussed above, however, the pleadings in this case fail to state a claim upon which relief may be granted, thereby making it impossible for Hunter to demonstrate she is likely to prevail on the merits. As a result, Hunter's motion for temporary restraining order is denied.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. The plaintiff's motion (#2) for leave to proceed in forma pauperis is GRANTED;

2. The plaintiff's motion (#3) for access to the ECF filing system is DENIED;

3. The plaintiff's motion (#6) for temporary restraining order is DENIED; and

4. This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), in its entirety without prejudice.

SO ORDERED.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge

DATED: December 1, 2015